PER CURIAM.
Appellant Sheriff of Orange County, Florida appeals the final judgment rendered on a jury verdict in favor of appellee *986 Sherry Boultbee, as personal representative of the estate of Thomas Edward Boult-bee in a wrongful death action arising from a motor vehicle-pedestrian accident which occurred in April of 1988. Appellee appeals the denial of her motion for attorney’s fees. We reverse the final judgment and remand for entry of a judgment in favor of appellant, thereby rendering moot the appeal of the denial of attorney’s fees.
In her amended complaint appellee alleged compliance with all required conditions precedent prior to the filing of this action, including the appropriate statutory notices required under Florida law. In its answer appellant denied this allegation and specifically alleged, as an “affirmative defense”, that appellee had failed to comply with the notice requirements of section 768.28(6) of the Florida Statutes (1987).[1] Appellee, in her reply, stated that there had been compliance with all conditions precedent prior to the filing of this lawsuit including the notice provisions of section 768.28(6). In its pretrial statement appellant specifically stated that one of the issues to be tried was whether appellee failed to perform all conditions precedent, including compliance with the notice provisions of section 768.28(6). Appellee did not list this matter as an issue in her pretrial statement.
At the close of appellee’s case and at the close of all the evidence, appellant moved for a directed verdict. In support of the motion, appellant argued that appellee had not presented any evidence proving compliance with the notice provisions of section 768.28(6) in that appellee had not shown that she served the requisite written notice of claim on both the Department of Insurance and appellant. Appellee argued to the trial court and argues on appeal that it is sufficient to merely allege compliance with section 768.28(6) to maintain her action. The trial court denied appellant’s motions for a directed verdict. This ruling was error.
In Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), the Florida Supreme Court recognized that compliance with the notice requirements of subsection 768.28(6) is a condition precedent to maintaining a suit against a governmental entity. In Levine v. Dade County School Board, 442 So.2d 210, 212 (Fla.1983), the court pointed out that the language in the statutory notice provision is very clear and must be strictly construed:
Section 768.28(6) clearly requires written notice to the department within three years of the accrual of the claim before suit may be filed against any state agency or subdivision except a municipality. Because this subsection is part of the statutory waiver of sovereign immunity, it must be strictly construed.
The court in Levine then concluded that:
Under section 768.28(6), not only must notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice. Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice. [Citations omitted.]
Id., at 213.
In Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla.1988), the supreme court followed Levine and held *987 that the doctrine of estoppel does not bar a governmental agency’s defense of failure to serve the notice of claim upon the Department of Insurance, raised four years after suit was filed:
Under our ruling in Levine and the facts presented here, the hospital raised a viable and timely defense which could be asserted by motion any time prior to or at the trial on the merits. The time for filing a proper claim having expired, the Menendezes’ failure to notify the Department is fatal to their complaint. Because this failure was present from the beginning and cannot be attributed to the hospital’s conduct, the doctrine of estop-pel is inapplicable.
Id,., at 91.
In the instant case, appellee pled performance of all conditions precedent as required by rule 1.120(c) of the Florida Rules of Civil Procedure and, pursuant to the same rule, appellant specifically denied that appellee complied with the requirements of section 768.28(6). A specific denial of a general allegation of the performance or occurrence of conditions precedent shifts the burden to the plaintiff to prove the allegations concerning the subject matter of the specific denial. Fidelity & Casualty Company of New York v. Tiedtke, 207 So.2d 40 (Fla. 4th DCA 1968), quashed on other grounds, 222 So.2d 206 (Fla.1969); 1967 comments to Fla.R.Civ.P. 1.120(c). See also Mellon Bank, N.A. v. Aetna Business Credit, Inc., 619 F.2d 1001 (3d Cir. 1980).
Consequently, appellee had the burden to prove compliance with the applicable statutory claim provisions of section 768.28(6) in that: (1) she presented the claim in writing to appellant; (2) she presented the claim in writing to the Department of Insurance; (3) the claim proffered to the Department was presented within three years after it accrued; and (4) appellant or the Department denied the claim in writing unless neither appellant nor the Department made any final disposition of the claim within six months after it was filed, at which time it is deemed a final denial. See Menendez, 537 So.2d at 91; § 768.28(6), Fla.Stat. (1987).[2]
Appellee failed to present any evidence indicating that the claim had been filed with the Department. This failure was fatal to her case. We note that appellee did not ask the trial court to reopen her case when this deficiency was raised in appellant’s motions for directed verdict. Accordingly, we reverse the final judgment entered in this cause and remand for entry of a final judgment in favor of appellant.[3]
REVERSED and REMANDED.
COWART, HARRIS and DIAMANTIS, JJ., concur.

. Section 768.28(6) provides:
768.28 Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions.—
******
(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing....
******
(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.

. Appellee may have somehow believed that she was not required to prove this matter because appellant alleged the failure of appellee to perform all conditions precedent, including compliance with the requirements of section 768.28(6), as an affirmative defense. However, any misconception that appellee may have had concerning this matter should have been dispelled when appellant, in its pretrial statement, specifically stated that one of the issues was whether appel-lee had failed to perform all conditions precedent, including compliance with the notice provisions of section 768.28(6). The better practice would be to answer the general allegation that all conditions precedent have been performed or have occurred with a denial of that allegation, specifically stating that appellee failed to comply with the notice provisions of section 768.28(6) by failing to provide written notice of claim to the Department of Insurance, rather than denote such failure as an affirmative defense.

. We realize that the Department of Insurance has no interest in this matter because it does not insure the appellant and that, consequently, the statutory requirement of notice of claim is a technical one at best. But we are constrained to follow the dictates of the legislature as interpreted and applied by our supreme court. If we were not so bound, we could have conceivably reached a different result in the instant case. However, we must take the law as we find it.