NORTHCUTT, Judge.
Willie Scullock filed a civil action against the Hillsborough County Sheriff and several deputies seeking damages for false arrest and the excessive use of force. He appeals an order dismissing his suit with prejudice. We reverse.
The circuit court dismissed Scullock’s action based on three grounds asserted in the Sheriffs motion to dismiss. The first of these was the expiration of the statute of limitations. An excessive-use-of-force claim is properly considered a battery. See Essex Ins. Co. v. Big Top of Tampa, Inc., 53 So.3d 1220, 1223 (Fla. 2d DCA 2011). As such, it is subject to a four-year statute of limitations. See § 95.11(3)(o), Fla. Stat. (2010). Scullock’s cause of action accrued at the time of his alleged injury, on May 16, 2007, and the statute of limitations expired on May 16, 2011. See Cristiani v. City of Sarasota, 65 So.2d 878, 879 (Fla.1953). The cause of action for false arrest accrued on the day of the arrest, May 14, 2007. See Leatherwood v. City of Key West, 347 So.2d 441, 442 (Fla. 3d DCA 1977) (citing Gordon v. City of Belle Glade, 132 So.2d 449 (Fla. 2d DCA 1961)). This claim, too, is subject to a four-year statute of limitations. See § 95.11(3)(o), Fla. Stat. (2010). Four years from the date of the arrest was May 14, 2011, which was a Saturday. Thus, the statute of limitations for both causes of action expired on Monday, May 16, 2011. See Fla. R. Civ. P. 1.090(a); Fla. R. Jud. Admin. 2.514(a)(1)(C).
Scullock’s complaint was filed with the clerk’s office on May 18, 2011, two days after the statute of limitations expired. However, Scullock was in jail at the time. According to the certificate of service, he delivered the complaint to the jail officials on May 12, 2011. As explained in more detail in the companion case, Scullock v. Gee, 2D12-3976, 133 So.3d 1208, 2014 WL 962067 (Fla. 2d DCA Mar. 12, 2014), under the mailbox rule the complaint was deemed filed when Scullock gave it to the jail authorities for mailing. See Thompson v. State, 761 So.2d 324 (Fla. *423 2000). Therefore, the complaint was timely, and the circuit court erred by dismissing Scullock’s suit based on the statute of limitations.
The Sheriff also contended that the suit should be dismissed because Sculloek failed to give a mandatory presuit notice of his intention to sue and failed to allege compliance with this condition precedent in his complaint. But in his objection and response to the Sheriffs motion to dismiss, Sculloek asserted
that his [notice of intend tort claim copy] was [confiscated] from (detention) confinement one man cell of defendant David Gee’s [custody]; but he mailed the chief financial officer Alex Sink a copy [certificate of service date April 6, 2010] and furnished sheriff David Gee; deputy Thomas Dirks; Ernest Rodriguez & Dino Solano at P.O. Box 3371-Tampa, FL 33601 pursuant to section 768.28(6)(a) F.S. [timely];
(All brackets and parentheses in original.) Notwithstanding this response, the court dismissed the suit for failure to comply with the condition precedent of presuit notice.
Section 768.28, Florida Statutes (2010), sets forth the state’s waiver of sovereign immunity for suits against government entities. It provides, in pertinent part, that “[a]n action may not be instituted ... unless the claimant presents the claim in writing to the appropriate agency, and also ... presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues.” § 768.28(6)(a). This requirement is a condition precedent, § 768.28(6)(b); a claimant must perform it in order to bring suit, and this compliance must be alleged in the complaint. Commercial Carrier Corp. v. Indian River Cnty., 371 So.2d 1010, 1022-23 (Fla.1979) (citing Fla. R. Civ. P. 1.120(c)).
Sculloek did not allege compliance with this condition precedent in his complaint. While this properly would subject his suit to dismissal with leave to amend, the circuit court dismissed it with prejudice. This was error. See Commercial Carrier Corp., 371 So.2d at 1023 (holding that failure of the pleadings to allege compliance with presuit notice required by section 768.28 does not warrant dismissal with prejudice, but rather dismissal with leave to amend).
Further, Sculloek responded to the motion to dismiss by stating that he had complied with the presuit notice condition. This created an issue of fact that was not properly decided on a motion to dismiss. See Lowery v. Lowery, 654 So.2d 1218, 1219 (Fla. 2d DCA 1995). On this record, it cannot be said conclusively that Sculloek would be unable to allege the satisfaction of the condition precedent. Cf. Levine v. Dade Cnty. Sch. Bd., 442 So.2d 210, 213 (Fla.1983) (stating that dismissal with prejudice is appropriate when plaintiff has not provided the notice required under section 768.28 and the time for such notice has expired). Thus, the court erred by dismissing the action with prejudice on this ground.
Finally, the circuit court dismissed Scullock’s suit based on his failure to timely serve process. In the motion to dismiss, the Sheriff noted that the defendants were served on March 30, 2012, which was more than 120 days after the complaint was filed. See Fla. R. Civ. P. 1.070(j). But as the Sheriff also observed in the motion, an action should not be dismissed on this ground when the statute of limitations has run. See Miranda v. Young, 19 So.3d 1100, 1102 (Fla. 2d DCA 2009) (noting that court abuses its discretion when the complaint is dismissed for untimely service after the statute of limita *424 tions has expired). Thus, the court erred by dismissing Scullock’s suit on this ground.
For the reasons stated, we reverse the dismissal of Scullock’s suit with prejudice and remand for further proceedings.
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.