IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAIRO DIAZ AND DELSY DIAZ,

      Appellants,

v.                                   Case No.  5D15-1612

WELLS FARGO BANK, N.A.,

      Appellee.

_____/

Opinion filed April 8, 2016

Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

Tanner Andrews, of Tanner Andrews,
 P.A., Deland, for Appellants.

Sara F. Holladay-Tobias, Emily Y.
Rottmann, and Gabriel M. Hartsell,
of McGuireWoods LLP, Jacksonville,
for Appellee.


LAMBERT, J.

Jairo Diaz and Delsy Diaz ("Appellants") appeal the final judgment of foreclosure rendered against them and in favor of Appellee, Wells Fargo Bank, N.A. ("Bank"), following a bench trial.  Appellants raise two arguments.  First, they contend that the trial court erred in admitting into evidence the loan payment history through Bank's sole witness at trial because the witness was not competent to testify.  Second, Appellants

assert that the trial court erred in denying their motion for involuntary dismissal because Bank failed to comply with certain conditions precedent to bringing suit. Specifically, Appellants argue that the thirty-day notice of default letter sent by Bank pursuant to paragraph twenty-two of the mortgage was insufficient, as it did not "specify the default" or how to cure the default, and that Bank failed to comply with Title 24, sections 203.602 and 203.604, Code of Federal Regulations. Section 203.602 requires a mortgagee, prior to filing suit to foreclose, to give notice of default to each mortgagor on a form supplied by the Secretary of the Department of Housing and Urban Development ("HUD") or on a form approved by the Secretary. Section 203.604 requires the mortgagee to have a face-to-face interview with the mortgagor or to make a reasonable effort to arrange such a meeting before three monthly installments due on the loan are unpaid. For the following reasons, we affirm.

On April 18, 2008, Wachovia Mortgage, FSB ("Wachovia"), loaned Appellants $167,200, as evidenced by a promissory note and secured by a mortgage on real property owned by Appellants. Wachovia merged with Bank, and, as a result, Bank acquired the note and mortgage on October 1, 2009.

Appellants failed to pay the October 1, 2011, payment due on the note. On November 13, 2011, Bank sent Appellants a default notice letter pursuant to paragraph twenty-two of the mortgage, advising them that: (1) the loan was in default for the failure to make past due payments in the amount of $2261.82; (2) a late charge of $51.37 had been assessed; (3) a payment in the total amount of $2313.19 must be made in certified funds on or before December 13, 2011, plus any payments or other charges that become due under the note and mortgage between the date of the letter

2

and the date of the satisfying payment, to bring the loan current and avoid the possibility of acceleration; (4) if payment was not received by December 13, 2011, Bank would proceed with acceleration and may file a foreclosure proceeding; and (5) Appellants had the right to reinstate the loan after acceleration and to present any defenses to the foreclosure action.[1]  Appellants did not reinstate the loan, and, on January 2, 2013, Bank filed the instant foreclosure action.

At trial, Bank presented one witness, a nineteen-year employee of Bank who, at the time of trial, was a loan administration manager and managed a team of six individuals who "review and authorize business records for trials and depositions."  The witness testified as to her familiarity with the manner in which Bank creates, stores, and maintains its business records.  The witness also testified about her familiarity with Bank's boarding process when it receives loan history data from a prior servicer of the loan and how that data is then converted and entered into Bank's system.

Bank sought to move the complete loan history into evidence through its witness's testimony, but Appellants objected to the admission of any information based upon records created by Wachovia before its merger with Bank.  Appellants argued that Bank's witness lacked sufficient personal knowledge to lay the foundation for admission of those records.  The trial court admitted the complete loan history into evidence over Appellants' objection.

---

[1] This letter also advised Appellants of the availability of government approved home ownership counseling agencies designed to help homeowners to avoid losing their home and provided Appellants with a phone number to obtain a list of these agencies in the State of Florida.

"A trial court has wide discretion in determining the admissibility of evidence, and, absent an abuse of discretion, the trial court's ruling on evidentiary matters will not be overturned." *LaMarr v. Lang*, 796 So. 2d 1208, 1209 (Fla. 5th DCA 2001) (citation omitted). In *Nationstar Mortgage, LLC v. Berdecia*, 169 So. 3d 209 (Fla. 5th DCA 2015), this court discussed the evidentiary foundation necessary for the admissibility of mortgage documents under the business records hearsay exception,[2] including records of a prior holder or servicer of the note. We held that "the authenticating witness need not be 'the person who actually prepared the business records[,]'" *Berdecia*, 169 So. 3d at 213 (quoting *Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014)), but that "the witness must be 'well enough acquainted with the activity to give the testimony.'" *Id.* (quoting *Alexander v. Allstate Ins. Co.*, 388 So. 2d 592, 593 (Fla. 5th DCA 1980)). We also noted that the testifying witness need not personally participate in the process of incorporating the records of a prior servicer into the successor servicer's business records, provided that the witness demonstrates sufficient familiarity with this "boarding" process to testify about it. *Id.*

Based on our review of the record in the instant case, we conclude that the trial court did not abuse its discretion in determining that Bank's witness was competent to testify and in admitting the loan history records into evidence.[3] Moreover, the note in this case has a fixed interest rate, and Appellants did not contest at trial the date that they defaulted on payment of the note, which occurred approximately two years after Bank acquired ownership of the note. Under these circumstances, the brief loan history

---

[2] § 90.803(6), Fla. Stat. (2014).

[3] The original note, the original mortgage, and the default letter were admitted into evidence without objection.

records from Wachovia were not critical to Bank establishing Appellants' default and the monies owed under the note.

As to Appellants' argument that Bank's default letter was defective, we first observe that Appellants did not preserve for review their argument that Bank's default letter failed to "specify the default" because Appellants did not make this argument to the trial court. To preserve an issue for appellate review, "the specific legal ground upon which a claim is based must be raised at trial . . . ." *Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010) (quoting *Chamberlain v. State*, 881 So. 2d 1087, 1100 (Fla. 2004)). Regardless, we conclude that, even if preserved, this argument and Appellants' other argument, that Bank's letter did not sufficiently advise them how to cure the default, are without merit.

While Appellants are correct that the notice requirements in paragraph twenty-two of the mortgage are conditions precedent to Bank filing the present foreclosure suit, substantial compliance, not strict compliance, with this condition precedent is all that is required. *See Bank of New York Mellon v. Nunez*, 180 So. 3d 160, 161 n.1, 162 (Fla. 3d DCA 2015); *see also Alvarez v. Rendon*, 953 So. 2d 702, 708 (Fla. 5th DCA 2007) ("[T]here must be at least a substantial performance of conditions precedent in order to authorize a recovery as for performance of a contract." (alteration in original) (quoting *Cohen v. Rothman*, 127 So. 2d 143, 147 (Fla. 3d DCA 1961))). Here, Bank's letter explained to Appellants that their loan was in default for failure to make payments due and advised them that, to avoid acceleration and foreclosure, they had thirty days to pay the specified amount due, which included a late fee. Moreover, Appellants were notified that they also had to pay the additional monthly payment on the note if that payment

5

came due before Appellants exercised their right to reinstate the loan. We find nothing confusing or misleading in this letter, nor do we think it inappropriate for Bank to remind Appellants that, to avoid acceleration, they must also pay their upcoming payment if it became due, as Appellants had contractually obligated themselves to timely make these payments by signing the promissory note. Finally, even if this default letter could have been better worded, we agree with the following recent observation of our sister court in *Green Tree Servicing, LLC v. Milam*, 177 So. 3d 7 (Fla. 2d DCA 2015), that:

> Paragraph twenty-two is designed to ensure that a borrower receives essential information concerning his or her default, how to cure it, and his or her rights with respect to it. It is not a technical trap designed to forestall a lender from prosecuting an otherwise proper foreclosure action because a borrower, after the fact, decides that the letter might have been better worded.

177 So. 3d at 19.

Turning to Appellants' argument regarding non-compliance with certain federal regulations, Bank made a general allegation in its complaint, as it is permitted to do, that it had complied with all conditions precedent prior to bringing suit.[4] Appellants answered with a specific denial, alleging, *inter alia*, that Bank had not "furnished notice of acceleration pursuant to 24 C.F.R. § 203.602" nor had Bank "had the face-to-face meeting with [Appellants] required by 24 C.F.R. § 203.604 prior to bringing [the] action."

Title 24 of the Code of Federal Regulations is titled "Housing and Urban Development." The particular sections upon which Appellants rely are located in Subpart C of Part 203, which addresses the mortgage servicing responsibilities of

---

[4] *See* Fla. R. Civ. P. 1.120(c).

lending institutions with regard to mortgages insured by HUD. *See* 24 C.F.R. §

203.500.

Section 203.602 is titled "Delinquency Notice to Mortgagor" and provides in

pertinent part:

> The mortgagee shall give notice to each mortgagor in default on a form supplied by the Secretary [of HUD] or, if the mortgagee wishes to use its own form, on a form approved by the Secretary, no later than the end of the second month of any delinquency in payments under the mortgage.

Section 203.604 is titled "Contact with the Mortgagor," and this regulation provides, in

pertinent part:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced . . . .
>
> (c) A face-to-face meeting is not required if:
>
> (1) The mortgagor does not reside in the mortgaged property,
>
> (2) The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either,
>
> (3) The mortgagor has clearly indicated that he will not cooperate in the interview,
>
> (4) A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or
>
> (5) A reasonable effort to arrange a meeting is unsuccessful.

Appellants argued below and argue here that because the bottom of each page of the note and mortgage contain the legend "FNMA/FHLMC Uniform Instrument"[5] that this specific loan, owned and held by Bank, is subject to these two federal regulations. At trial, Bank's witness did not address whether Bank had complied with either of these federal regulations. Appellant, Jairo Diaz, testified that Appellants never had a face-to-face meeting with Bank's representative before the suit was filed, and Appellants never received "a letter on a form from the Secretary of Housing and Urban Development about this case or about this loan."[6] Bank does not contend that it complied with these regulations, but rather, it asserts that Appellants have failed to present competent evidence that the loan was subject to HUD regulations. The precise issue that we address is which party has the burden of proving that these federal regulations apply in this case, which, in turn, depends on whether we interpret these conditions precedent to be elements of Bank's claim or affirmative defenses.

"[A] defending party's assertion that a plaintiff has failed to satisfy conditions precedent necessary to trigger contractual duties under an existing agreement is generally viewed as *an affirmative defense*, for which the defensive pleader has the burden of pleading and persuasion." *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1096 (Fla. 2010) (citing Fla. R. Civ. P. 1.120(c)) (additional citations omitted). "An affirmative defense is an assertion of facts or law by the defendant that, if true, would avoid the action and the plaintiff is not bound to prove that the affirmative defense

---

[5] FNMA is commonly referred to as "Fannie Mae." FHLMC is commonly referred to as "Freddie Mac."

[6] Diaz also testified that the mortgaged property is their homestead and that Bank has an office located near their home. *Cf.* 24 C.F.R. § 203.604(c)(1)–(2).

8

does not exist." *Id.* (citations omitted). Rather, "the burden of proving each element of an affirmative defense rests on the party that asserts the defense." *Id.* at 1097 (citing *Dorse v. Armstrong World Indus., Inc.*, 513 So. 2d 1265, 1269 n.5 (Fla. 1987)) (additional citations omitted).

Unlike scenarios where conditions precedent are ascertainable on the face of a written contract, such as compliance with paragraph twenty-two of the mortgage or where a promissory note specifically incorporates the HUD regulations into its terms, it is by no means clear that the HUD regulations applicable to federally insured loans apply to the instant loan and litigation. We disagree with Appellants' argument that, simply because the note and mortgage were created utilizing Fannie Mae/Freddie Mac uniform instruments, these regulations summarily apply to this loan. *See McMenamin v. Phelan Hallinan, LLP,* No. Civ. A. 14-4814, 2015 WL 5515347, at *10 (E.D. Pa. Aug. 20, 2015) (finding that, despite the fact that the mortgage agreement was a "Fannie Mae/Freddie Mac Uniform Instrument," the mortgage lender was not required to "engage in loss mitigation efforts to avoid foreclosure of [HUD] single family residential mortgages pursuant to, *inter alia,* 24 C.F.R. § 203.500, *et. seq.*," as the mortgage in that case was not an FHA-insured mortgage). One commentator has noted that these uniform instruments were created, intended, and recommended for use with all mortgage loans, whether or not they are federally insured or ever will be purchased by Fannie Mae or Freddie Mac. *See* Julia Patterson Forrester, *Fannie Mae/Freddie Mac Uniform Mortgage Instruments: The Forgotten Benefit to Homeowners*, 72 Mo. L. Rev. 1077, 1079–87 (2007) (noting estimates that more than ninety percent of all residential

mortgage loans are documented on Fannie Mae/Freddie Mac uniform instruments, even with lenders who do not contemplate selling their loans to Fannie Mae or Freddie Mac).

Accordingly, we hold that where, as here, it is unclear whether alleged conditions precedent apply, the burden is on the party asserting the existence of the conditions precedent to establish their applicability. Thus, Appellants had the evidentiary burden of proof to establish that sections 203.602 and 203.604 of Title 24 provided conditions precedent that Bank had to satisfy prior to filing suit to foreclose the instant note and mortgage, and we find that Appellants failed to present competent evidence at trial to meet this burden.

Because Appellants failed to establish reversible error as to any of the issues raised, we affirm the final judgment of foreclosure in its entirety.

AFFIRMED.

ORFINGER and EDWARDS, JJ., concur.