NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEBRA NELSON a/k/a DEBORAH B.   )
NELSON,   )
  )
       Appellant,   )
  )
v.   )     Case No. 2D15-579
  )
HILLSBOROUGH COUNTY, FLORIDA,   )
  )
       Appellee.   )
  )

Opinion filed April 15, 2016.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Kaydell Wright-Douglas of Kaydell Wright-
Douglas, Esq., P.A., Tampa, for Appellant.

Robert E. Brazel, Chief Assistant County
Attorney, Tampa, for Appellee.


CASANUEVA, Judge.

       Debra Nelson appeals an order dismissing her personal injury complaint

with prejudice and entering a final judgment in favor of Hillsborough County. Because

the trial court went outside the four corners of the complaint in dismissing the complaint

with prejudice, we reverse.

Ms. Nelson filed a complaint against the County on November 18, 2013, to recover personal injury damages following a slip and fall at the Hillsborough County Courthouse on November 24, 2009. The County was served with the complaint on January 28, 2014, and responded with a motion to dismiss with prejudice, arguing that Ms. Nelson failed to sufficiently allege compliance with the notice requirements of section 768.28, Florida Statutes (2009).

Section 768.28 sets forth a waiver of sovereign immunity in tort actions brought against the State or any of its agencies or subdivisions. However, an action on such a claim may only be filed if the claimant complies with the notice requirements set out in section 768.28(6)(a). In pertinent part, the claimant must "present[] the claim in writing to the appropriate agency, and also . . . present[] such claim in writing to the Department of Financial Services, within 3 years after such claim accrues." § 768.28(6)(a).

The notice requirement is a condition precedent to maintaining the action, § 768.28(6)(b), and compliance must be alleged in the complaint. Commercial Carrier Corp. v. Indian River Cty., 371 So. 2d 1010, 1022-23 (Fla. 1979). "The giving of such notice may be alleged generally in accordance with rule 1.120(c), Florida Rules of Civil Procedure," after which the burden shifts to the defendant to specifically deny such compliance. McSwain v. Dussia, 499 So. 2d 868, 870 (Fla. 1st DCA 1986); see Fla. R. Civ. P. 1.120(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."). Provided such compliance is specifically denied by the defendant, the

burden shifts "to the plaintiff to prove the allegations concerning the subject matter of the specific denial." Sheriff of Orange Cty. v. Boultbee, 595 So. 2d 985, 987 (Fla. 5th DCA 1992). This proof, however, does not take place at the motion to dismiss phase of proceedings. See Scullock v. Gee, 161 So. 3d 421, 423 (Fla. 2d DCA 2014).

In this case, the complaint alleged as to notice: "Plaintiff notified the Defendant of her fall as requested by F.S. §768.28 on April 19, 2010, May 22, 2012, August 8, 2012 and September 6, 2013 respectively. Additionally the Department of Insurance has been notified." The County argued in its motion to dismiss that the complaint failed to allege compliance with the requirement to notify the Department of Financial Services (formerly the Department of Insurance) within the time frame allotted and, furthermore, that Ms. Nelson did not attach to the complaint any documentation to prove compliance.

At the hearing on the motion to dismiss, the court asked counsel for Ms. Nelson if she had any proof that timely notice was sent to the Department. Ms. Nelson's counsel argued that she had properly pleaded compliance with the notice statute and that she was not required to produce such proof at that stage of the proceedings. In response to repeated questioning by the court, counsel stated that a timely letter had been sent to the Department but that she was not able to produce a copy of said letter. The trial court dismissed the case with prejudice and entered a final judgment in favor of the County.

"In ruling on a motion to dismiss, the trial court must confine itself to the four corners of the complaint, accept the allegations of the complaint as true, and construe the allegations in the light most favorable to the plaintiff." Brooke v. Shumaker,

Loop & Kendrick, LLP, 828 So. 2d 1078, 1080 (Fla. 2d DCA 2002).  "A motion to dismiss tests the legal sufficiency of the complaint and does not determine factual issues."  Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906, 908 (Fla. 2d DCA 2014); see Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc., 137 So. 3d 613, 615-16 (Fla. 2d DCA 2014) (stating that a motion to dismiss is not a substitute for a motion for summary judgment).  "A trial court has no authority to look beyond the complaint by considering the sufficiency of the evidence which either party is likely to produce."  Brocato v. Health Options, Inc., 811 So. 2d 827, 829 (Fla. 2d DCA 2002).

Here, the trial court determined that the allegation that notice was provided to the Department was insufficient because it did not provide a date for such notice or attach the letter to the complaint.[1]  The court noted that Ms. Nelson's counsel stated she could not locate a copy of the letter sent to the Department.  Thus, the court concluded, it had no alternative but to dismiss the complaint with prejudice.  In reaching this conclusion, the trial court looked outside the four corners of the complaint, pressing counsel as to what evidence of notice Ms. Nelson would be able to produce.  The court sought to resolve a factual issue that was not properly before it on a motion to dismiss.  See Scullock, 161 So. 3d at 423.  This was error, as the trial court has no authority on a motion to dismiss to resolve questions of fact or consider the sufficiency of the evidence

---

[1]We note that this level of specificity is not required by rule 1.120(c). Furthermore, when a trial court concludes that allegations of notice are insufficient, the proper remedy is to dismiss the complaint without prejudice, Scullock, 161 So. 3d at 423, unless it is clear from the four corners of the complaint that notice had not yet been provided and that the time to provide notice had expired, Levine v. Dade Cty. Sch. Bd., 442 So. 2d 210, 213 (Fla. 1983) ("Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.").

- 4 -

that either party may ultimately produce.  See Brocato, 811 So. 2d at 829.  Accordingly, the trial court erred in dismissing the complaint with prejudice.

Based on the foregoing, we reverse the order of dismissal and the final judgment, and we remand for further proceedings.

Reversed and remanded.

SLEET and SALARIO, JJ., Concur.