IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JENNIFER L. PALMA,

      Appellant,

 v.                                      Case No.  5D15-3358

JPMORGAN CHASE BANK, NAT'L ASS'N, ET AL.

      Appellees.

_____/

Opinion filed December 2, 2016

Appeal from the Circuit Court
for Lake County,
Heidi Davis, Judge.

Mark P. Stopa, of Stopa Law Firm,
Tampa, for Appellant.

Elliot B. Kula, W. Aaron Daniel, and
William D. Mueller, of Kula & Associates,
P.A., Miami, for Appellee, JPMorgan
Chase Bank, N.A.

No Appearance for Other Appellee.


WALLIS, J.

      Jennifer L. Palma ("Appellant") appeals the final judgment of foreclosure in favor

of JPMorgan Chase Bank, National Association ("Bank"). Appellant argues the trial court

erred by denying her motion for involuntary dismissal due to Bank's failure to comply with

a condition precedent to foreclosure. We reverse and remand for entry of an involuntary dismissal.

In 1995, Appellant executed an adjustable-rate note secured by a Federal Housing Administration ("FHA") mortgage for $61,900. The note specifically incorporated federal HUD regulations:

> If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. . . . This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

The HUD regulation at issue in this case provides, in pertinent part:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced . . . .

24 C.F.R. § 203.604 (2013).[1]

In March 2013, Bank filed a complaint to foreclose on Appellant's mortgage. Appellant filed an answer in which she specifically denied Bank's allegation that it performed all conditions precedent to foreclosure, stating: "Plaintiff failed to comply with the regulations of the Secretary of Housing and Urban Development including but not limited to the obligation to provide face-to-face counseling in 24 CFR 203.604(b)."

---

[1] This section contains several exceptions to the interview requirement, none of which apply here. See 24 C.F.R. § 203.604(c)(1)-(5).

2

At trial, Bank called one witness, Karen Schell, a mortgage and research officer for Bank. Through Schell's testimony, Bank introduced, and the trial court admitted, the original note, the original mortgage, and the loan payment history. After Bank rested, Appellant moved for involuntary dismissal, arguing Bank failed to comply with section 203.604 before filing its foreclosure complaint. Bank responded that Appellant must establish Bank's alleged noncompliance with section 203.604 as an affirmative defense, and the trial court agreed.

Appellant recalled Schell, who testified that she did not know whether Appellant refused to participate in a face-to-face interview, stating she did not "have information on the interview." However, Schell testified that it was Bank's "practice to have face-to-face interviews on these loans." Appellant testified that she would have participated in an interview, but Bank never offered her that opportunity. After Appellant rested, she renewed her motion for involuntary dismissal, arguing she established that Bank failed to comply with section 203.604. The trial court disagreed and granted judgment of foreclosure for Bank in the amount of $51,831.15.[2]

We find that the trial court erred by requiring Appellant to raise Bank's noncompliance with section 203.604 as an affirmative defense. While a plaintiff may plea a general satisfaction of all conditions precedent, a defendant's corresponding "denial of performance or occurrence shall be made specifically and with particularity." Fla. R. Civ.

---

[2] The trial court commented that it believed the law of the case doctrine controlled because a predecessor judge denied Appellant's motion to dismiss, which similarly raised Bank's noncompliance with section 203.604. We note that this doctrine applies only "to rulings on questions of law actually presented and considered on a former appeal." Concrete Pipe Co. v. Bould, 437 So. 2d 1061, 1063 (Fla. 1983) (citation omitted). The trial court erred insofar as it relied on this ground for denying Appellant's motion for involuntary dismissal.

P. 1.120(c). "A specific denial of a general allegation of the performance or occurrence of conditions precedent shifts the burden to the plaintiff to prove the allegations concerning the subject matter of the specific denial." Sheriff of Orange Cty. v. Boultbee, 595 So. 2d 985, 987 (Fla. 5th DCA 1992) (citing Fid. & Cas. Co. of N.Y. v. Tiedtke, 207 So. 2d 40 (Fla. 4th DCA 1968), quashed on other grounds, 222 So. 2d 206 (Fla. 1969); 1967 comments to Fla. R. Civ. P. 1.120(c)); accord Nelson v. Hillsborough Cty., 189 So. 3d 1037, 1039 (Fla. 2d DCA 2016). This type of specific denial "is not an 'affirmative defense,' which relates only to matters of 'avoidance.' Rather, it is a special form of denial that must be pled with specificity." Motor v. Citrus Cty. Sch. Bd., 856 So. 2d 1054, 1056 n.1 (Fla. 5th DCA 2003) (Torpy, J., concurring) (citations omitted). The most common condition precedent in the mortgage foreclosure context lies in paragraph twenty-two of a standard mortgage, which requires the lender to send a default letter to the borrower before foreclosure. See, e.g., Colon v. JP Morgan Chase Bank, NA, 162 So. 3d 195, 196 (Fla. 5th DCA 2015) ("Paragraph 22 of the mortgage creates a condition precedent that Bank must satisfy prior to accelerating the loan and commencing the foreclosure action." (citation omitted)).[3]

---

[3] We are mindful of our supreme court's decision in Custer Medical Center v. United Auto Insurance Co., which explained that "a defending party's assertion that a plaintiff has failed to satisfy conditions precedent necessary to trigger contractual duties under an existing agreement is generally viewed as an affirmative defense, for which the defensive pleader has the burden of pleading and persuasion." 62 So. 3d 1086, 1096 (Fla. 2010). However, Custer involved an insurer's affirmative defense seeking to avoid liability for PIP payments due to the insured's failure to attend a medical examination. Id. at 1090. Custer is distinguishable from the instant case because Appellant does not seek to avoid liability under the agreement; she argues that Bank prematurely filed suit before complying with all pre-foreclosure requirements. This case is more analogous to those in which the defendant specifically denied that the plaintiff performed all pre-suit notice requirements, which shifted the burden back to the plaintiff to address the subject matter of the denial. See Nelson, 189 So. 3d at 1039; Boultbee, 595 So. 2d at 987.

Though no Florida appellate court has held that section 203.604 constitutes a condition precedent to foreclosure, our court considered the issue in Diaz v. Wells Fargo Bank, N.A., 189 So. 3d 279 (Fla. 5th DCA 2016). In Diaz, the borrowers specifically denied in their answer that the bank complied with all conditions precedent to foreclosure, including section 203.604. Id. at 283. However, our court focused on the fact that the borrowers' note and mortgage did not specifically incorporate HUD regulations:

> Unlike scenarios where conditions precedent are ascertainable on the face of a written contract, such as compliance with paragraph twenty-two of the mortgage or where a promissory note specifically incorporates the HUD regulations into its terms, it is by no means clear that the HUD regulations applicable to federally insured loans apply to the instant loan and litigation.

Id. at 284. Under these circumstances, our court held that when "it is unclear whether alleged conditions precedent apply, the burden is on the party asserting the existence of the conditions precedent to establish their applicability." Id. at 285.

Here, unlike in Diaz, Appellant's note and mortgage specifically incorporate HUD regulations. Cf. id. at 284. The facts of the case at bar clearly require compliance with HUD regulations, including the face-to-face interview requirement outlined in section 203.604 as a condition precedent to foreclosure. We find no meaningful reason to treat compliance with section 203.604 in an FHA mortgage differently than compliance with paragraph twenty-two in a standard mortgage, which our court has determined is a condition precedent to foreclosure. See Colon, 162 So. 3d at 196. Appellant specifically denied in her answer that Bank complied with all conditions precedent, stating that Bank did not engage in a face-to-face interview as mandated by section 203.604. This shifted the burden back to Bank to prove at trial that it complied with this section. See Boultbee,

595 So. 2d at 987. Bank wholly failed to meet its burden, providing no evidence that it engaged in a face-to-face interview before filing its foreclosure complaint. Bank additionally failed to demonstrate that any of the enumerated exceptions to the interview requirement applied. Accordingly, we reverse the final judgment of foreclosure and remand with instructions to enter an involuntary dismissal.

REVERSED and REMANDED with INSTRUCTIONS.

BERGER, J. and ORFINGER, M.S., Associate Judge, concur.