IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT DELONG,

      Appellant,

 v.                                        Case No.  5D16-903

LAKEVIEW LOAN SERVICING, LLC,
AQUA FINANCE, INC., DEBRA DELONG
A/K/A DEBRA BUFORD DELONG N/K/A
DEBRA B. MILLER,

      Appellees.

_____/

Opinion filed July 28, 2017

Appeal from the Circuit Court
for St. Johns County,
H. Pope Hamrick, Jr., Senior Judge.

Donato J. Rinaldi, of Rinaldi Law, P.A.,
Jacksonville, for Appellant.

Charles P. Gufford, of McCalla Raymer
Pierce, LLC, Orlando, for Appellee,
Lakeview Loan Servicing, LLC.

No Appearance for other Appellees.


PER CURIAM.

      Robert DeLong appeals the final judgment of foreclosure entered in favor of

Lakeview Loan Servicing, LLC, ("Lakeview") following a trial.  DeLong raises three

arguments on appeal, and we find merit in one of his arguments.  Concluding that the trial

court erred in finding that Lakeview complied with a particular condition precedent to foreclosure, we reverse and remand for entry of a final judgment of involuntary dismissal.

The promissory note and mortgage executed by DeLong that were admitted into evidence at trial provide that the loan at issue is guaranteed and insured by the Department of Veterans Affairs ("VA"). These documents specifically incorporate into their terms certain federal regulations issued under the VA Guaranteed Loan Authority (title 38, chapter 37, United States Code) that govern the rights, duties, and liabilities of the parties to the loan, including the lender's[1] ability to accelerate payment of the secured indebtedness upon DeLong's default.[2] Title 38, section 36.4350, Code of Federal Regulations, titled "Servicing procedures for holders," requires that the holder of a loan guaranteed or insured by the VA must develop and maintain a loan servicing program and specifically sets forth certain minimum actions that a holder must include in its collection procedures against borrowers in various stages of delinquency. *See* 38 C.F.R. § 36.4350 (2015). In his answer and affirmative defenses, DeLong specifically alleged that Lakeview had failed to comply with "statutory conditions precedent" of 38 C.F.R. § 36.4350 by failing to provide notice and an opportunity to cure the default.

In *Palma v. JPMorgan Chase Bank*, 208 So. 3d 771, 775 (Fla. 5th DCA 2016), we recently held that a promissory note that specifically incorporated the Department of Housing and Urban Development ("HUD") regulations was appropriately construed as

---

[1] Lakeview was not the original lender, but it sufficiently established that it had standing to foreclose at the time it filed suit and at trial.

[2] The note and mortgage also specifically provide that any of their provisions that are inconsistent with the VA statute or regulations "are amended and supplemented to conform thereto."

requiring compliance with HUD regulations as a condition precedent to foreclosure, no different than compliance with paragraph twenty-two in a standard mortgage. *See, e.g., Colon v. JP Morgan Chase Bank, NA*, 162 So. 3d 195, 196 (Fla. 5th DCA 2015) ("Paragraph 22 of the mortgage creates a condition precedent that Bank must satisfy prior to accelerating the loan and commencing the foreclosure action." (citing *Samaroo v. Wells Fargo Bank*, 137 So. 3d 1127 (Fla. 5th DCA 2014))). We see no meaningful reason here to treat compliance with the VA regulations incorporated into the instant note and mortgage any differently than the required compliance with the HUD regulations in *Palma*.

The trial evidence established that DeLong first defaulted on the note and mortgage by failing to pay the monthly installment payment due on December 1, 2012. Based on the age of the loan, 38 C.F.R. § 36.4350(g)(1)(iv) required that a letter be sent by, or on behalf of, Lakeview to DeLong within 82 days after this payment was due. This regulation also required that the letter to DeLong contain certain mandatory language that, among other things, warns the veteran about the possibility of losing the entitlement to a future VA home loan guaranty and gives direction as to how to obtain assistance and information directly from the VA to discuss options to reinstate the loan. *See* 38 C.F.R. § 36.4350(g)(1)(iv)(B).

At trial, Lakeview attempted to move into evidence a letter to DeLong dated September 17, 2013, that arguably contained the mandatory language and information required by 38 C.F.R. § 36.4350; however, the trial court sustained DeLong's objection to the admissibility of this letter and this ruling has not been challenged on appeal. At the conclusion of the trial, the court nevertheless examined this letter and thereafter found that Lakeview had complied with this VA regulation. We conclude that the trial court erred

3

because this letter, having not been properly admitted into evidence, could not form the basis of the trial court's ruling. *See Turtle Lake Assocs., Ltd. v. Third Fin. Servs., Inc.*, 518 So. 2d 959, 961 (Fla. 1st DCA 1988). Accordingly, based upon the lack of any evidence that Lakeview complied with this condition precedent, we are compelled to reverse the final judgment of foreclosure and remand with directions to enter a final judgment of involuntary dismissal.

REVERSED and REMANDED with directions.

PALMER, WALLIS, and LAMBERT, JJ., concur.