IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ELNA F. MCINTOSH AND
CHRISTOPHER HALLMAN,

      Appellants,

 v.                                   Case No. 5D16-2189

WELLS FARGO BANK, N.A.
AND BELLALAGO AND ISLES
OF BELLALAGO COMMUNITY
ASSOCIATION, INC.,

      Appellees.

_____/

Opinion filed September 18, 2017

Appeal from the Circuit Court
for Osceola County,
Scott Polodna, Judge.

Andrew B. Greenlee, of Andrew B
Greenlee, P.A., Sanford, and Anthony N.
Legendre, II, of Law Offices of Legendre &
Legendre, PLLC, Maitland, for Appellants.

Kimberly S. Mello and Laura J. Bassini, of
Greenberg Traurig, P.A., Tampa, and
Michele L. Stocker, of Greenberg Traurig,
P.A., Ft. Lauderdale, for Appellee, Wells
Fargo Bank, N.A.

No Appearance for Appellee, Isles of
Bellalago Community Association, Inc.

ORFINGER, J.

Elna F. McIntosh and Christopher Hallman (collectively "Borrowers") appeal a final judgment of foreclosure entered in favor of Wells Fargo Bank, N.A., following a non-jury trial. On appeal, Borrowers contend that the trial court erred by concluding that United States Department of Housing and Urban Development (HUD) regulations were not conditions precedent to bringing the foreclosure action, denying Borrowers' motions for involuntary dismissal, and entering a final judgment of foreclosure. We agree and reverse.

In April 2010, Borrowers executed a note to FBC Mortgage, LLC, and secured its payment with a mortgage. The Federal Housing Administration (FHA) insured the loan. Eventually, Wells Fargo became the holder of the note and mortgage. In its operative complaint, Wells Fargo generally alleged that it had complied with all conditions precedent to filing the lawsuit. In their answer, Borrowers denied that Wells Fargo had satisfied all conditions precedent and asserted several affirmative defenses, including that Wells Fargo failed to comply with the HUD requirement to send proper delinquency notices under 24 C.F.R. § 203.602 (2016). Ultimately, the case proceeded to trial. After Wells Fargo rested its case, Borrowers moved for an involuntary dismissal, asserting several grounds, only one of which has merit—Wells Fargo's failure to demonstrate compliance with applicable HUD regulations prior to filing suit.

The mortgage in this case specifically incorporates HUD regulations as limitations on acceleration and foreclosure. Paragraph 9 of the mortgage states, in pertinent part:

> **9. Grounds for Acceleration of Debt.**
> **(a) Default.** Lender may, except as limited by regulations issued by the Secretary [of Housing and Urban Development], in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument . . .

2

. . .

> **(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

Paragraph 6(B) of the note similarly provides:

> **(B) Default**
> If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

Wells Fargo concedes that pursuant to Palma v. JPMorgan Chase Bank, 208 So. 3d 771 (Fla. 5th DCA 2016), compliance with certain HUD regulations is a condition precedent to bringing a foreclosure action when, as here, the regulations are incorporated into the terms of the loan.[1] In Palma, we held that a promissory note specifically incorporated HUD regulations by stating that "[i]f Borrower defaults . . . then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full . . . . This Note does not authorize acceleration when not

---

[1] This Court decided Palma after the trial and after Wells Fargo filed its initial brief in this case.

3

permitted by HUD regulations." 208 So. 3d at 773. <u>Palma</u> also held that the burden rests with the plaintiff to prove compliance with conditions precedent if asserted in the complaint and denied in the answer, but with the defendant if raised instead as an affirmative defense in the answer. <u>Id.</u> at 774. Here, Borrowers raised noncompliance with § 203.602 and the terms of the note and mortgage as both a specific denial and an affirmative defense. Thus, the burden remained on Wells Fargo to demonstrate compliance with the applicable HUD regulations.[2]  <u>See</u> <u>id.</u> at 775 (holding that specific denial that bank complied with all conditions precedent shifted burden back to bank to prove at trial that it complied).

Compliance with HUD regulations was a condition precedent to bringing a foreclosure action in this case. Wells Fargo's argument that it substantially complied with the HUD regulations is unavailing. Accordingly, we reverse and direct the trial court to enter an order of involuntary dismissal.

REVERSED and REMANDED.

WALLIS and EDWARDS, JJ., concur.

---

[2] Compliance with HUD regulations 24 C.F.R. §§ 203.604 and 203.605 is also required.

4