DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL N. WHITE,**
Appellant,

v.

**PLANET HOME LENDING, LLC,**
Appellee.

No. 4D16-4317

[January 10, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. CACE-16-005850.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellant.

Robert C. Schermer of Greene Hamrick Quinlan & Schermer, P.A., Bradenton, for appellee.

**ON CONFESSION OF ERROR**

PER CURIAM.

Appellant Daniel White appeals from a summary judgment of foreclosure to Appellee Planet Home Lending, LLC. Based on Appellee's confession of error and our own review of the record, we reverse the grant of summary judgment and remand for further proceedings.

Appellant's mortgage provided that, in the event of a default, the debt could be accelerated, "except as limited by regulations of the Secretary . . . of Housing and Urban Development." Appellant's answer to Appellee's foreclosure complaint denied that Appellee had performed all conditions precedent to bringing the foreclosure action. His affirmative defenses contended that Appellee failed to comply with federal housing regulations incorporated into the mortgage, including Appellant's right to a "face-to-face" interview with the lender, "at least thirty days before foreclosure is commenced." 24 C.F.R. § 203.604(b) (2016). Appellant alleged in his affidavit submitted in opposition to summary judgment that he never attended a face-to-face interview.

"Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment." *Frost v. Regions Bank,* 15 So. 3d 905, 906 (Fla. 4th DCA 2009) (quoting *Knight Energy Servs., Inc. v. Amoco Oil Co.,* 660 So. 2d 786, 788 (Fla. 4th DCA 1995)).  Here, Appellant sufficiently pleaded his affirmative defense.

Appellee denied incorporation of the federal regulations in its summary judgment motion, but now confesses error in light of *Palma v. JPMorgan Chase Bank,* 208 So. 3d 771, 773, 775 (Fla. 5th DCA 2016) (finding identical language in a mortgage had incorporated the federal regulations, including the face-to-face interview requirement, as a condition precedent to filing suit).  Appellee further concedes that it failed to refute Appellant's denial of an interview taking place.

Accordingly, entry of summary judgment was error.  We therefore reverse and remand for further proceedings consistent with this opinion.[1]

*Reversed and Remanded.*

MAY, LEVINE and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Absent evidence that Appellee engaged in a face-to-face interview with Appellant before the former filed its foreclosure complaint or that any exception to the interview requirement applied, it would be appropriate to enter an involuntary dismissal of Appellee's foreclosure complaint.  *See McIntosh v. Wells Fargo Bank, N.A.,* 226 So. 3d 377, 379 (Fla. 5th DCA 2017); *Palma,* 208 So. 3d at 775.