Joaquin **ENCARNACION HERNANDEZ** et al., Plaintiffs, Appellants,

v.

**PRUDENTIAL MORTGAGE CORPORATION** et al., Defendants, Appellees.

No. 75–1466.

United States Court of Appeals, First Circuit.

Submitted Feb. 11, 1977.

Decided April 14, 1977.

Maria Dolores Fernos, Pedro J. Varela, Luis A. Suarez Zayas, Pedro J. Saade Llorens and Sonia A. Rodriguez, Hato Rey, P. R., on brief for plaintiffs-appellants.

**242**

Jay A. Garcia Gregory and Fiddler, Gonzalez & Rodriguez, San Juan, P. R., on brief for defendants-appellees.

Before COFFIN, Chief Judge, INGRAHAM,** Senior Circuit Judge, and CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

Appellants are homeowners who have defaulted on their mortgage payments. Appellee Prudential is a mortgage holder seeking to foreclose, and appellee Padin is the president of Prudential. The case has a federal dimension because appellants acquired their homes through a federal subsidy program. Appellants argue that the program sets up procedures that must be followed before foreclosure is permissible. The court below rejected this claim. The program was established by section 235 of the Housing and Urban Development Act of 1968. *Codified at* 12 U.S.C. § 1715z. The purpose of section 235 is to meet the housing needs of the poor and near-poor. The program helps eligible home buyers obtain mortgage financing from private lenders. The government guarantees repayment of the loan and supplements the interest payments made by the homeowner. In return for a reduced financial risk, mortgage holders must meet certain standards. The statutory requirements are minimal; the lender must be "approved by the Secretary as responsible and able to service the mortgage properly." 12 U.S.C. § 1709(b)(1). The Secretary of Housing and Urban Development (HUD) has elaborated on the statute in published regulations. *E. g.,* 24 C.F.R. § 203.9. But neither the statute nor the regulations establish procedural prerequisites to foreclosure.

Appellants' claim is more appropriately founded on a handbook issued by the Secretary to provide further guidance to mortgage holders. HUD Handbook 4191.1 (1974). The handbook does recommend that mortgagees take several steps before foreclosing. In appellant's view, these steps are mandatory, and the lenders' failure to take them is a bar to foreclosure. Appellants cite several unpublished opinions in support of their view. Prudential musters contrary case law. *Brown v. Lynn,* 385 F.Supp. 986 (N.D.Ill.1975); *Brown v. Lynn,* 392 F.Supp. 559 (N.D.Ill.1975).

However difficult this issue may have been when these cases were decided, one later event decisively tips the balance in Prudential's favor. On October 4, 1975, HUD's Assistant Secretary for Housing Management issued a memorandum to its mortgagees, revising procedures set forth in the handbook and making clear HUD's view of the issue in controversy here:

"It has become apparent that the intent of some of the language of the Handbook regarding requirements and suggestions has been misinterpreted. The purpose of this Mortgagee Letter is to clarify HUD's position with respect to several servicing practices. The following new requirements will in no way affect the payment of insurance claims submitted to HUD by the mortgagees under the contract of mortgage insurance. These requirements, and other requirements in Handbook 4191.1, are not intended as legal prerequisites to foreclosure actions since foreclosures are governed by the terms of mortgage instructions and applicable state laws." HM Mortgage Letter 75–10.

This is a reasonable interpretation of the handbook and of the regulations and laws that the handbook implements. In a closely analogous case, the Supreme Court was faced with differing interpretations of a HUD circular. The Court gave conclusive weight to an interpretation advanced in far less formal documents by an assistant secretary, and the chief counsel, of HUD. *Thorpe v. Housing Authority,* 393 U.S. 268, 274–76, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969).

*Affirmed.*

---

** *Of the Fifth Circuit, sitting by designation.*