359 So.2d 464 (1978)
Louis CROSS and Dicy B. Cross, Appellants,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee.
No. 77-130.
District Court of Appeal of Florida, Fourth District.
April 25, 1978.
William J. Berger, of Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wright, Miami, for appellants.
Patrick McGrotty, of Booher & McGrotty, Miami, for appellee.
DOWNEY, Chief Judge.
Appellants executed a note and mortgage in favor of Southeastern Home Mortgage Company. When appellants defaulted in their payments this suit was instituted to foreclose the mortgage. Appellee (Southeastern's assignee) was awarded a summary judgment and appellants contend that was error because of the existence of genuine issues of material fact.
The mortgage in question was federally insured as a part of a federal program specifically designed to provide home ownership *465 for low income families. The program is administered by the Department of Housing and Urban Development through the FHA and is commonly referred to as the 235 program. The Secretary of HUD has promulgated a handbook entitled "Administration of Insured Home Mortgages", which contains procedural guidelines for, among other things, handling mortgages in default. Specifically, these guidelines direct that the agency contact a mortgagor in default and make substantial efforts to try to rectify the default by assisting the mortgagor in various ways.[1]
Participants in the 235 program were required to complete annual FHA recertification papers. Appellants failed to file their recertification papers which were due by June 21, 1974, and thus became ineligible for further participation in the program.
In opposition to appellee's motion for summary judgment appellant, Mrs. Cross, filed an Affidavit which stated that when the recertification papers were sent to her she was incapacitated in the hospital and her husband, who can not read, failed to advise her of receipt of the papers. The affiant further stated that appellee failed to follow the HUD guidelines set forth above in an effort to assist appellants who were always qualified for recertification. Appellee denied these statements in its Affidavit.
It seems clear now that the HUD guidelines are not mandatory procedures constituting conditions precedent to foreclosure. Encarnacion Hernandez v. Prudential Mortgage Corporation, 553 F.2d 241 (1st Cir.1977).[2] However, a mortgage foreclosure is an equitable action and thus equitable defenses are most appropriate. Thus, it appears to us, as suggested in Federal National Mortgage Association v. Ricks, 83 Misc.2d 814, 372 N.Y.S.2d 485 (S.Ct. 1975), that given the purpose of this federal Act and the recommended efforts to obviate the necessity of foreclosure, any substantial deviation from the recommended norm might be considered by the trial court under the heading of an equitable defense. Appellants here pleaded such a defense and Mrs. Cross' Affidavit indicated evidentiary support therefor. Thus, there was a genuine issue of fact existing which precluded summary judgment.
Accordingly, the judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED with directions.
DAUKSCH and ANSTEAD, JJ., concur.
NOTES
[1] Typical of these guidelines is: "... The Foreclosure of a mortgage ... is a last resort, and the mortgagee should acquire a property only when the mortgagor either cannot or will not make his mortgage payment as agreed. In any situation short of this, the Federal Housing Administration is prepared to help the mortgagee prevent foreclosure, and several specific relief measures are described in this chapter."
[2] See also: Roberts v. Cameron-Brown Co., 556 F.2d 356 (5th Cir.1977).