WARNER, J.
Real Estate Mortgage Network, Inc. (“REMN”), mortgagee and the plaintiff below, appeals a final summary judgment in favor of mortgagors Richard and Janet Knight (“Knights”). The trial court found REMN failed to meet a condition precedent to foreclosure by failing to comply with certain federal regulations. Because there are disputed issues of fact, we reverse.
REMN sought to foreclose the Knights’ mortgage. The mortgage was federally insured and provided:
In many circumstances regulations issued by the Secretary [of Housing and Urban Development (“HUD”) ] will limit Lender’s rights in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize . acceleration or foreclosure if not permitted by regulations of the Secretary.
As an affirmative defense, the Knights alleged that REMN had failed to comply with certain HUD regulations, which the Knights argued were conditions precedent to foreclosure. Those regulations require lenders to make certain loss mitigation efforts prior to initiating foreclosure. The Knights moved for summary judgment and attached an affidavit stating that REMN had not engaged in any loss mitigation and had never contacted them with respect to any mortgage modification. REMN filed copies of sworn interrogatory answers alleging their compliance with the loss mitigation requirements of 24 C.F.R. § 203.605, including sending various documents to the Knights. The court granted summary judgment finding that the action was premature, because REMN had not fulfilled a condition precedent to foreclosure.
REMN argues on appeal that the court erred in applying the HUD regulations ' and finding that they were a mandatory condition precedent. We have held that non-compliance with HUD regulations may be asserted as an equitable defense in mortgage foreclosure proceedings. Cross v. Fed. Nat’l Mortg. Ass’n, 359 So.2d 464, 465 (Fla. 4th DCA 1978).
REMN is entitled to reversal, however, because its sworn interrogatories stating that loss mitigation efforts had been made and the Knights’ affidavits stating that they had never heard from the bank reveal a disputed issue of material fact. Therefore, summary judgment dismissing the foreclosure was error. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (summary judgment is proper only if the record shows no genuine issue of material fact).
Reversed and remanded for further proceedings.
STEVENSON and GERBER, JJ„ concur.