PER CURIAM.
Deborah Laws appeals a final judgment of foreclosure entered in favor of Wells Fargo Bank, N.A., on Wells Fargo’s motion for summary judgment below. She makes various arguments for reversal, but the only one that has merit is her affirmative defense of failure to give the required notice of intent to accelerate.
Laws points to Paragraph 6(B) of her note, which provides, “This note does not authorize acceleration when not permitted by HUD regulations.” Wells Fargo does not dispute that the contracts at issue were a standard FHA note and mortgage, to which HUD and FHA statutes, guidelines, rules and regulations apply, but counters with an argument that HUD regulations are not generally considered to be conditions precedent to foreclosure.
However, the issue in this case is not whether Wells Fargo met all of the conditions necessary to initiate a foreclosure action, but whether it was proper to enter a summary judgment in the face of Laws’s affirmative defense. Because the note contains language specifically and expressly incorporating HUD regulations that require a written notice of acceleration, Laws was entitled to raise failure to comply'with these regulations as a valid defense to foreclosure. See Real Estate Mortg. Network, Inc. v. Knight, 149 So.3d 121 (Fla. 4th DCA 2014) (holding that a valid defense of noncompliance with HUD regulations that require a notice of acceleration existed, where the subject mortgage expressly provided that it “does not authorize acceleration or foreclosure if not permitted by regulations of the [HUD] Secretary.”) (citing Cross v. Federal National Mortgage Ass’n, 859 So.2d 464, 465 (Fla. 4th DCA 1978) (holding that noncompliance with HUD regulations may be asserted as an equitable defense in mortgage foreclosure proceedings)).
Wells Fargo has not denied that it failed to send Laws a written notice of default and intent to accelerate. Nor was any such notice entered into evidence below. Therefore, we reverse the summary judgment entered below in favor of Wells Fargo and remand for the case to proceed to trial.
Reversed and remanded.
PADOVANO, MARSTILLER, and OSTERHAUS, JJ., Concur.