IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SARAH J. HARRIS AND
BRADLEY C. HARRIS,

      Appellants,

v.

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR THE CERTIFICATE
HOLDERS OF THE LXS 2007-
16N TRUST FUND,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2022

Opinion filed March 10, 2017

An appeal from the Circuit Court for Duval County.
A.C. Soud, Judge.

Mark P. Stopa of Stopa Law Firm, Tampa, for Appellants.

Shaib Y. Rios of Brock & Scott, PLLC, Fort Lauderdale, for Appellee.


PER CURIAM.

      In granting final judgment on U.S. Bank National's foreclosure complaint against Sarah and Bradley Harris (whom we'll call "the Borrowers"), the trial court held that a HUD regulation was a condition precedent to foreclosure, but that the

Borrowers failed to raise the issue and timely challenge the Bank's non-compliance with the regulation. We affirm.

I.

The Bank sought to foreclose a mortgage secured by a promissory note issued to the Borrowers. As an FHA loan, the note contained the following provision:

> If Borrower defaults by failing to pay in full any monthly payment, then Lender may, *except as limited by regulations of the Secretary in case of payment defaults*, require immediate payment in full of the principal balance remaining due and all accrued interest. . . . In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. *This note does not authorize acceleration when not permitted by HUD regulations.*

(Emphasis added). The mortgage established the Bank's remedies upon default by the Borrowers, including limitations subject to HUD regulations:

> **Grounds for Acceleration of Debt.**
> **(a) Default.** Lender may, *except as limited by regulations issued by the Secretary,* in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
> . . .
> **(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. *This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.*

(Emphasis added). The regulation at issue in this case provides for a face-to-face interview with a mortgagor under certain scenarios:

> **(b)** The mortgagee must have a face-to-face interview with the mortgagor, or

2

make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. . . .

**(c)** A face-to-face meeting is not required if:

**(1)** The mortgagor does not reside in the mortgaged property,

**(2)** *The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either*,

**(3)** The mortgagor has clearly indicated that he will not cooperate in the interview,

**(4)** A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or

**(5)** A reasonable effort to arrange a meeting is unsuccessful.

**(d)** A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, *unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either*, or it is known that the mortgagor is not residing in the mortgaged property.

24 C.F.R. § 203.604 (emphasis added).

The Bank's complaint did not allege compliance with this HUD regulation or any others, but the Borrowers neither moved to dismiss for the Bank's non-compliance nor asserted non-compliance as an affirmative defense. For its part, the Bank took the position that—even if the Borrowers' other affirmative defenses could be construed to include non-compliance with HUD regulations—such regulations are not conditions precedent to a foreclosure action.

The trial lasted less than two hours, the only witness being the Bank's litigation analyst, Mr. Huff. On cross-examination, he testified he was without knowledge as to whether a Bank representative went to the property to speak to the

Borrowers regarding the default. On re-direct, however, he said no attempt was made to have a face-to-face meeting with the Borrowers because that HUD requirement applied only when a Bank servicing branch is within 200 miles of the property, which is not the case here. He expressed his confidence "that we have followed all servicing guidelines and procedures pursuant to this foreclosure action." This was the extent of testimony about compliance with HUD regulations.

During closing arguments, the Borrowers raised for the first time the Bank's argument that HUD regulations did not apply, arguing that non-compliance with HUD regulations is a defense. The Bank countered that the "face-to-face meeting" did not apply because no branch existed within 200 miles of the property. The trial court ruled in favor of the Bank and entered a final judgment of foreclosure, prompting this appeal.

## II.

This case turns on whether a HUD regulation, the face-to-face counseling rule, is a condition precedent to foreclosure, and if so, whether compliance with those regulations was properly and timely pled. We hold that it is a condition precedent, but that the Borrowers failed to timely raise it as an affirmative defense; moreover, even if it had been raised timely, the evidence supports that the Bank wasn't required to comply because the property was more than 200 miles from the Bank and its servicing branches.

4

We begin with the principle that "[p]rovisions of a contract will only be considered conditions precedent or subsequent where the express wording of the disputed provision conditions formation of a contract and or performance of the contract on the completion of the conditions." Gunderson v. Sch. Dist. of Hillsborough Cnty., 937 So. 2d 777, 779 (Fla. 1st DCA 2006). Here, the note says it "does not authorize acceleration when not permitted by HUD regulations." And the mortgage expressly states twice that the Bank's rights to declare a default, accelerate payments, and foreclose are limited by the HUD regulations; this is express wording that conditions performance of the contract on the Bank's satisfaction of the HUD regulations. In other words, the Bank's right to foreclose on the mortgage does not arise unless and until these conditions have been satisfied, making the HUD regulation at issue a condition precedent.

The Bank claims that HUD regulations are mere guidelines, citing older cases such as Cross v. Federal National Mortgage Association, 359 So. 2d 464, 465 (Fla. 4th DCA 1978) ("It seems clear now that the HUD guidelines are not mandatory procedures constituting conditions precedent to foreclosure."). Cases such as Cross have less force where HUD guidelines have been codified, making them mandatory versus merely persuasive guidelines.

A special pleading requirement exists for conditions precedent, which requires that "[i]n pleading the performance or occurrence of conditions precedent,

5

it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Fla. R. Civ. P. 1.120. The Bank failed to plead compliance with conditions precedent, even generally, but the Borrowers neither objected to nor timely raised non-compliance as an affirmative defense (bringing it up in closing argument). A "defending party's assertion that a plaintiff has failed to satisfy conditions precedent necessary to trigger contractual duties under an existing agreement is generally viewed as *an affirmative defense,* for which the defensive pleader has the burden of pleading and persuasion." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1096 (Fla. 2010); see also Deutsche Bank Nat'l Trust Co. v. Quinion, 198 So. 3d 701, 703 (Fla. 2d DCA 2016) (explaining that when the bank alleges compliance with conditions precedent, "the burden fell to the [borrowers] to first frame that issue [of noncompliance], specifically and with particularity, in their answer"); see Laws v. Wells Fargo Bank, N.A., 159 So. 3d 918, 919 (Fla. 1st DCA 2015) ("Because the note contains language specifically and expressly incorporating HUD regulations that require a written notice of acceleration, Laws was entitled to raise failure to comply with these regulations as a valid defense to foreclosure."). The Borrowers did not raise the Bank's non-compliance in their answer, affirmative defenses, or at any time prior to closing argument, which amounts to a waiver and failure to preserve the issue. See Bank of

6

Am., N.A. v. Asbury, 165 So. 3d 808, 809 (Fla. 2d DCA 2015) (failure to raise non-compliance with condition precedent until trial barred it as a defense). Even if the issue was timely raised in the trial court, the Bank presented unrebutted testimony that it was not required to comply with the face-to-face meeting requirement of 24 C.F.R. § 203.604.

AFFIRMED.

ROBERTS, C.J., ROWE, and MAKAR, JJ., CONCUR.