M.K. Thomas, J.
*767 Piotr Chrzuszcz, "the Borrower," appeals the final judgment of foreclosure in favor of Wells Fargo, "the Bank." He argues the trial court erred by denying his Motion for Involuntary Dismissal because the Bank failed to comply with a condition precedent to foreclosure. We agree and reverse and remand for entry of an involuntary dismissal.
I. Facts
In 1998, the Borrower executed an FHA fixed-rate promissory note, paragraph 6(B) of which indicated acceleration would only be permitted if the Lender followed Housing and Urban Development, "HUD," regulations:
If the Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults , require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means Secretary of Housing and Urban Development or his or her designee.
(Emphasis added).
The HUD regulation at issue in this case requires the Bank, prior to initiating a foreclosure action, to either have a face-to-face interview with the Borrower, or reasonably attempt to do so:
b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced ....
24 C.F.R. § 203.604(b) (2012).
In 2012, the Bank filed a verified complaint seeking to foreclose the mortgage and recover the indebtedness under the note as a result of the Borrower's default. The complaint included a general claim that the Bank had satisfied all conditions precedent to initiating suit: "[A]ll conditions precedent, to acceleration of the subject loan and foreclosure of the subject Mortgage, have been performed, have occurred, or were waived." In response, the Borrower filed an answer, asserting, "[s]pecifically, and without limitation, [the Bank] failed to comply with the requirements of the National Housing Act, 12 U.S.C. § 1701x(c)(5) and 24 C.F.R. 203.604, under which [the Bank] is required to complete pre-foreclosure counseling with the Defendant." The Borrower did not, however, plead the failure to complete conditions precedent as a separate affirmative defense.
At the first bench trial, the Borrower argued that the Bank's failure to comply with the face-to-face counseling requirement was a condition precedent to filing suit. Without explanation, the trial judge *768 declined to entertain the argument. The Bank then called a single witness, Dustin Green, who was employed by the Bank as a loan verification analyst. He testified based on his review of various business records. With the exception of a default letter dated December 4, 2011, and a letter log, Green offered no testimony regarding whether the Bank complied with the face-to-face counseling requirement.
After the Bank rested its case, the Borrower moved for an involuntary dismissal based on the Bank's lack of standing. The trial court granted the motion, entering an involuntary dismissal over the Bank's objection; however, the trial court later vacated the involuntary dismissal upon the Bank's Motion for Rehearing.
At the second bench trial, before a different trial judge, Mr. Green was again the sole witness called by the Bank. He offered no testimony regarding whether the Bank complied with the face-to-face counseling requirement. At the conclusion of the Bank's case, the Borrower moved for an involuntary dismissal based on the Bank's failure to comply with the face-to-face counseling requirement as a condition precedent to filing the foreclosure action.
The Bank responded that compliance with HUD regulations was an affirmative defense, as opposed to a condition precedent, and the Borrower had failed to plead noncompliance as an affirmative defense. The Borrower then recalled Mr. Green and elicited testimony that: 1) no documents reflected any face-to-face counseling occurred with the Borrower; and 2) none of the five exceptions to the face-to-face requirement applied. The Bank, as rebuttal evidence, introduced several certified letters it sent to the Borrower. The Borrower objected to the evidence as irrelevant because, with one exception, the letters predated the default.
After the presentation of all the evidence, the Borrower renewed his Motion for Involuntary Dismissal, which the trial court took under advisement. Ultimately, the trial court denied the Borrower's Motion and entered a Final Judgment of Foreclosure. The Borrower filed a timely Motion for Rehearing, which was also denied by the trial court. This appeal followed.
II. Standard of Review
"A trial court's ruling on a motion for involuntary dismissal is reviewed de novo ." Citigroup Mortg. Loan Trust Inc. v. Scialabba , 238 So.3d 317, 319 (Fla. 4th DCA 2018) (citing Deutsche Bank Nat'l Tr. Co. v. Clarke , 87 So.3d 58, 60 (Fla. 4th DCA 2012) ). We likewise review de novo questions of law, such as which party bears the burden of proof. See, e.g., Brown v. Cowell , 19 So.3d 1171 (Fla. 1st DCA 2009).
III. Analysis
The Borrower argues that the HUD requirement that the Bank either have a face-to-face interview with the Borrower, or make a reasonable effort to arrange a face-to-face meeting constituted a condition precedent to foreclosure. Accordingly, as a condition precedent, the Bank bore the burden of proving its satisfaction at trial. The Bank, on the other hand, asserts the Borrower's allegation that it failed to comply with the face-to-face interview requirement was an affirmative defense; thus, the Borrower had the responsibility to specifically plead and prove the defense. We agree with the Borrower's contention that, in the current case, the HUD-mandated face-to-face interview (or attempt to interview) was a condition precedent to the foreclosure action, and the Bank shouldered the burden of proving its satisfaction.
*769 " 'Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty.' " University Housing by Dayco Corp. v. Foch , 221 So.3d 701, 704 (Fla. 3d DCA 2017) (quoting Land Co. of. Osceola Cty., LLC v. Genesis Concepts, Inc. , 169 So.3d 243, 247 (Fla. 4th DCA 2015) (emphasis omitted) ). Where there are conditions precedent to filing the suit, the plaintiff bears the burden of proving substantial compliance. Scialabba , 238 So.3d at 319 (citing Liberty Home Equity Sols., Inc. v. Raulston , 206 So.3d 58, 60 (Fla. 4th DCA 2016) ).
On the other hand, "[a]n affirmative defense is an assertion of facts or law by the defendant that, if true, would avoid the action." Custer Med. Ctr. v. United Auto. Ins. Co. , 62 So.3d 1086, 1096 (Fla. 2010). The defendant, as the one who raises the affirmative defense, bears the burden of proving that affirmative defense. Id.
Thus, if the Bank is correct that its alleged failure to conduct the HUD-required face-to-face interview was an affirmative defense, the Borrower bore the burden of proving it below; if, on the other hand, the face-to-face interview was a condition precedent to filing the mortgage foreclosure action, the Bank bore the burden of proving it had complied.
Florida appellate courts have addressed whether face-to-face interviews as required by section 203.604 constitute a condition precedent or an affirmative defense in a foreclosure suit. In Diaz v. Wells Fargo Bank, N.A. , 189 So.3d 279, 285 (Fla. 5th DCA 2016), it was unclear whether the HUD regulations were incorporated into the terms of the mortgage; the Fifth District held that in such cases where it was unclear whether alleged conditions precedent even applied, "the burden is on the party asserting the existence of the conditions precedent to establish their applicability."
In Harris v. United States Bank National Association , 223 So.3d 1030, 1032 (Fla. 1st DCA 2017), this Court recognized "[t]his case turns on whether a HUD regulation, the face-to-face counseling rule, is a condition precedent to foreclosure, and if so, whether compliance with those regulations was properly and timely pled." We determined the HUD regulation of face-to-face counseling was a condition precedent to foreclosure pursuant to the terms of that particular mortgage; however, we also held the issue was waived where the Bank never claimed compliance and Harris did not allege noncompliance until closing arguments. Id. at 1032-33.
The case at hand is most analogous to Palma v. JPMorgan Chase Bank , 208 So.3d 771 (Fla. 5th DCA 2016). There, as here: 1) the note and mortgage clearly required compliance with HUD regulations, including the face-to-face interview requirements in section 203.604, as a condition precedent to foreclosure; 2) the bank's complaint alleged compliance with all conditions precedent to foreclosure; and 3) the borrower denied the allegation that conditions precedent had been completed and specifically asserted the bank had failed to comply with the HUD requirement of a face-to-face interview. Id. at 773. The Fifth District determined that Palma's specific denial of the bank's allegation it had satisfied all conditions precedent to the mortgage foreclosure action "shifted the burden back to Bank to prove at trial that it complied with [ section 203.604 ]." Id. at 775. The court reasoned there was "no meaningful reason to treat compliance with section 203.604 in an FHA mortgage differently than compliance with paragraph twenty-two in a standard mortgage, which *770 our court has determined is a condition precedent to foreclosure." Id.
Here, as in Palma , where the Bank asserted in the complaint that all conditions precedent had been satisfied, but the Borrower denied that assertion with the specific claim that the Bank failed to meet the face-to-face counseling requirement of section 203.604, the burden of proving the condition precedent was shifted back to the Bank.
The Bank's reliance on the Florida Supreme Court case of Custer Med. Center v. United Auto. Ins. Co., 62 So.3d 1086 (Fla. 2010), is misplaced. There, the supreme court noted "a defending party's assertion that a plaintiff has failed to satisfy conditions precedent necessary to trigger contractual duties under an existing agreement is generally viewed as an affirmative defense , for which the defensive pleader has the burden of pleading and persuasion." Id. at 1096. However, Custer , as noted in Palma , is distinguishable from the case at hand for two main reasons. First, Custer dealt not with conditions precedent to a foreclosure action pursuant to HUD, but rather, with the issue of whether an insured's attendance at a medical examination was a condition precedent to the existence of an automobile insurance policy that provided personal injury protection (PIP) benefits. Id. ; see also Palma , 208 So.3d at 774 n.3. Further, in Custer , the defendant raised as an affirmative defense the insured's unreasonable failure to appear at a medical examination. 62 So.3d at 1096. In Palma and the current case, on the other hand, the Bank initially alleged all conditions precedent had been met, and the Borrowers, in response, specifically denied those allegations. Palma , 208 So.3d at 774 n.3. The specific denial did not amount to an affirmative defense. Thus, both here and in Palma , the burden of proving compliance with the condition precedent shifted back to the Bank.
As such, the Bank bore the burden of proving it had met the condition precedent, pursuant to section 203.604, of holding or attempting to hold face-to-face interviews with the Borrower. It failed to do so.
REVERSED and REMANDED for entry of a voluntary dismissal of this case.
Rowe and Makar, JJ., concur.