# Third District Court of Appeal

## State of Florida

Opinion filed October 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2036
Lower Tribunal No. F25-12308
_____

**Jeremy Deeon Stafford,**
Petitioner,

vs.

**Sherea Green, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender and Susan Lerner, Assistant Public Defender, for petitioner.

James Uthmeier, Attorney General, and Liz Marie Feliz, Assistant Attorney General; Geraldine Bonzon Keenan, Miami-Dade County Attorney, and Shanika A. Graves, Assistant County Attorney, for respondents.

Before FERNANDEZ, MILLER and BOKOR, JJ.

BOKOR, J.

Jeremy Stafford petitions for a writ of habeas corpus. The trial court ordered Stafford, on pretrial release on his own recognizance for a prior charge, held without bond for violation of a City of Miami Beach ordinance prohibiting public camping or sleeping outdoors. The ordinance requires that before arrest, a potential offender, once identified as homeless, must first be offered, and refuse shelter. The arrest affidavit designates Stafford as homeless but provides no indication that the arresting officer offered shelter or that Stafford refused such offer. Because the arrest affidavit therefore fails to provide probable cause for the arrest, we grant the petition.

I.     Background

Stafford was previously charged with battery on a law enforcement officer and was released on his own recognizance awaiting trial. On the morning of September 30, 2025, Stafford was asleep on a bench at a bus stop on Washington Avenue in Miami Beach. A Miami Beach police officer tapped him on his shoulder, woke him up, and arrested him for violating City of Miami Beach Ordinance 70-45. The ordinance prohibits camping or sleeping in public:

**Sec. 70-45. - Public camping and public sleeping prohibited.**

(1) *Definition.* For the purposes of this section, "public camping or sleeping" means:

2

(a) Lodging or residing in an outdoor space as evidenced by the erection of a tent or other temporary shelter, the presence of bedding or pillows, the storage of personal belongings, or lying, sitting, or resting upon or under any item or material; or

(b) Cooking over an open flame or fire out-of-doors; or

(c) Sleeping out-of-doors.

(2) *Prohibition.* Public camping or sleeping is prohibited on all public property, except as may be specifically authorized by the appropriate governmental authority. However, an individual on a public beach during operational hours shall not be charged under this section unless a law enforcement officer identifies evidence that the beach is being used as a living space rather than for its intended purpose.

(3) *Shelter.* If a law enforcement officer or other authorized official encounters a person engaged in public camping or sleeping who volunteers that he or she has no home or other permanent shelter, he or she must be given an opportunity to voluntarily enter a homeless shelter or similar facility within Miami-Dade County, or to accept other available government assistance that would result in housing, including, but not limited to, mutually consensual reunification with family or friends in any location, of consensual placement in any other appropriate facility that provides housing within Miami-Dade County. If no homeless shelter or other facility, or government assistance that would result in immediate housing is available, an arrest may not be made.

Notwithstanding the foregoing, nothing herein shall be construed to prevent or otherwise prohibit a law enforcement officer from arresting a person who is ineligible for shelter placement for any reason including, but not limited to: such person being under the influence of alcohol or drugs; such person having been previously banned from the available shelter; his or her status as a sexual offender, sexual predator, or domestic violence offender; or any other past or

3

present conduct rendering such person ineligible for placement in a shelter.

Stafford appeared before a judge where the State sought to establish probable cause for the commission of the offense and requested revocation of his bond on the felony battery on a law enforcement officer charge. The prosecutor relied on the "four corners of the A-Form [arrest affidavit]." That arrest affidavit reflected that Stafford is "homeless." And the narrative section explains that "the defendant has been in multiple shelters in the past. Based on this information, [the affiant] placed the defendant under arrest and transported him to Miami Beach PD for processing."

Based on this, the trial court found probable cause for Stafford's arrest, found he violated a condition of pretrial release, and revoked his bond. Stafford seeks habeas relief from the resulting detention.

II.    Analysis

A habeas corpus petition provides jurisdiction to review a challenge to an order of pretrial detention. Simeus v. Rambosk, 100 So. 3d 2, 3 (Fla. 2d DCA 2011). Stafford argues he is entitled to release because the State cannot show probable cause for commission of the crime of sleeping in public, as defined by ordinance, within the four corners of the arrest affidavit. This is so, Stafford explains, because the arrest affidavit notes that Stafford is homeless but fails to then note that the arresting officer offered shelter and

4

that Stafford declined the offer.[1] The State counters that an "offer of shelter be[ing] made and refused is an affirmative defense, and not an element of the offense." And, in general, "[a]n affirmative defense does not concern itself with the elements of the offense at all; it concedes them." State v. Cohen, 568 So. 2d 49, 51–52 (Fla. 1990). So the pertinent questions are, does the arrest affidavit show that Stafford volunteered he was homeless, and did the State demonstrate probable cause to arrest him notwithstanding the arrest affidavit's failure to state that shelter was offered and refused?

On the first point, the State correctly points out that the ordinance requires the arresting officer to offer shelter if the person "volunteers that he or she has no home or other permanent shelter." Miami Beach, Fla., Code § 70-45(3). And the State contends that "knowing that Stafford had stayed in shelters **in the past** does not confirm that he was homeless at the time of this encounter." We agree. Having stayed at shelters in the past does not confirm that he was homeless at the time of the encounter. But the arresting officer listed Stafford's address on the arrest affidavit not as "unknown," but

---

[1] The ordinance contains exceptions to the requirement to offer shelter to an identified homeless individual, none of which are raised by the parties, and none of which are applied or analyzed here. See Miami Beach, Fla., Code § 70-45(3) (setting forth exceptions "[n]otwithstanding the foregoing" requirement to offer shelter to a person who "volunteers that he or she has no home or other permanent shelter").

as "homeless." Further, the arrest affidavit lists "verbal" as the "address source." The inevitable (and only) conclusion would be that Stafford confirmed his current homeless status to the officer.

Having established that the arrest affidavit established Stafford's entitlement to an offer of shelter by verbally conveying his homeless status to the arresting officer, we next examine whether the State demonstrated probable cause that Stafford violated the ordinance. The ordinance does not criminalize homelessness. See, e.g., City of Grants Pass, Oregon v. Johnson, 603 U.S. 520, 537, 546–47 (2024) (explaining that under an anti-sleeping ordinance that "prohibits sleeping 'on public sidewalks, streets, or alleyways'" and under an anti-camping ordinance that "forbids actions like 'occupy[ing] a campsite' on public property 'for the purpose of maintaining a temporary place to live' . . . . it makes no difference whether the charged defendant is homeless"). But the ordinance here differs significantly from the ordinances in Grants Pass. There, "[p]enalties for violating [those] ordinances escalate stepwise" from a fine for a first offense to a time-limited prohibition from city parks to, eventually, criminal trespass and the possible punishment of "30 days in prison and a $1,250 fine." Id. at 537. Here, the ordinance approaches the same subject matter differently. There is no differentiation in the ordinance between the first violation and subsequent

6

ones—it is a criminal offense subject to arrest and jail. But on the other hand, the ordinance here makes a distinction based on homeless status. It requires that a self-identified homeless person "must be given an opportunity" to shelter and must reject that request.

We must examine the requirement to offer shelter in context. See Conage v. United States, 346 So. 3d 594, 598 (Fla. 2022) (examining the meaning of statutory terms "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole" (quotation omitted)); State v. Miller, 394 So. 3d 164, 168 (Fla. 3d DCA 2024) ("To show our work in carrying out the understanding of statutory construction set forth in Conage, we look at the plain language of the entire statute and the common understanding of the terms at issue."). And in conducting such examination we conclude that the requirement to offer shelter to a self-identified homeless person who would otherwise violate the statute is not an affirmative defense, it is a condition precedent to arrest.[2]

---

[2] We also note that the ordinance establishes that even if shelter is offered and refused, "[i]f no homeless shelter or other facility, or government assistance that would result in immediate housing is available, an arrest may not be made." Miami Beach, Fla., Code § 70-45(3). This provides further contextual support for our conclusion that the mandatory requirement of an offer and refusal of shelter are conditions precedent to an arrest.

Our sister court's analysis, though in the civil context, of the distinction between an affirmative defense and a condition precedent is instructive. See Chrzuszcz v. Wells Fargo Bank, N.A., 250 So. 3d 766, 769 (Fla. 1st DCA 2018). There, the First District explained that a HUD requirement to meet before foreclosure constituted a condition precedent to foreclosure, with the burden on the bank, and not an affirmative defense, with the burden on the buyer. Id. As the court explained, a condition precedent "must occur before there is a right to immediate performance" and "[w]here there are conditions precedent to filing the suit, the plaintiff bears the burden of proving substantial compliance." Id. Conversely, "[a]n affirmative defense is an assertion of facts or law by the defendant that, if true, would avoid the action," and there, the defendant has the burden of proof. Id. (quoting Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1096 (Fla. 2010)). Here, a self-identified homeless person, identified as such within the four corners of the arrest affidavit, "must be given an opportunity to voluntarily enter a homeless shelter or similar facility" before arrest.

III.    Conclusion

In this specific context, a condition precedent, the offer-of-shelter and refusal requirement that must occur before arrest, exists. It follows then that, in this context, the arrest affidavit's failure to indicate that such condition

8

precedent was satisfied fails to establish the State's burden of proof. We therefore hold that in examining the four corners of the arrest affidavit, considering the requirements of the ordinance, the court erred in finding probable cause for the commission of an arrestable offense.

Petition granted.