# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No.3D24-2292
Lower Tribunal No. 23-20166-CA-01
_____


**Pike Holdings, LLC**,
Appellant,

vs.

**Brighthouse Life
Insurance Company**,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David Craig Miller, Judge.

P.A. Bravo, P.A., and Paul Alexander Bravo, for appellant.

Quarles & Brady LLP, and Benjamin B. Brown, Joseph T. Kohn, and Reed F. Baker (Naples), for appellee.


Before LOGUE, LINDSEY, and GOODEN, JJ.

LINDSEY, J.

Appellant, Pike Holdings, LLC ("Pike"), the defendant below, timely appeals a final judgment of foreclosure in favor of Appellee, Brighthouse Life Insurance Company ("Brighthouse"), the plaintiff below, and subsequent order denying Pike's motion for rehearing. We affirm in all respects.

We affirm the trial court's final judgment of foreclosure because Pike is a non-party to the Mortgage. As such, it lacks standing to assert an affirmative defense based on failure to comply with the Paragraph 22 of the Mortgage's notice of default requirements. See Clay Cnty. Land Tr. No. 08-04-25-0078-014-27, Orange Park Tr. Services, LLC v. JPMorgan Chase Bank, Nat. Ass'n, 152 So. 3d 83, 84 (Fla. 1st DCA 2014) ("Because appellant was not a party to the mortgage, . . . appellant does not have standing to challenge any violation of these mortgage terms."). Even if Pike had standing, it failed to preserve the issue for appeal by not raising this defense with particularity in its pleadings, or at trial, and instead raising it for the first time on motion for rehearing. See Harris v. U.S. Bank Nat'l Ass'n, 223 So. 3d 1030, 1033 (Fla. 1st DCA 2017) ("The Borrowers did not raise the Bank's noncompliance in their answer, affirmative defenses, or at any time prior to closing argument, which amounts to a waiver and failure to preserve the

2

issue."); see also Fla. R. Civ. P. 1.120(c) ("A denial of performance or occurrence shall be made specifically and with particularity.").[1]

We likewise affirm the subsequent order denying Pike's motion for rehearing because "[a] trial court does not abuse its discretion in denying a motion for . . . rehearing which raises an issue that could have, but wasn't, raised in the initial motion or at the initial hearing." Montalvo v. Rovirosa, 386 So. 3d 974, 975 (Fla. 3d DCA 2023).

Affirmed.

---

[1] Pike's third affirmative defense generally alleges failure to comply with conditions precedent. But the nature of the alleged noncompliance is Brighthouse's failure to pay all documentary stamp taxes on Pike's loan. Pike does not mention Paragraph 22 or any failure to send a notice of default and acceleration. This falls short of the specificity and particularity required to satisfy Rule 1.120(c). See Deutsche Bank Nat. Tr. Co. v. Quinion, 198 So. 3d 701, 703–04 (Fla. 2d DCA 2016) ("[T]o construct a proper denial under the rule, a defendant must, at a minimum, identify both the nature of the condition precedent and the nature of the alleged noncompliance or nonoccurrence.").